**Carolyn SMITH & Karole Miele, Plaintiffs,**

v.

**UNITED STATES of America, Goodwill Industries–Suncoast, Inc., William Procknow, & Teddy Wilson, Defendants.**

**No. 93–0940–CIV–ORL–18.**

United States District Court,
M.D. Florida,
Orlando Division.

April 28, 1994.

J. Edwin Mills, Law Office of J. Edwin Mills, Orlando, FL, for plaintiffs.

Kendell W. Wherry, U.S. Attorney's Office, M.D.Fla., Orlando, FL, James Robert Freeman, Scott Patrick Distasio, Shear, Newman, Hahn & Rosenkranz, P.A., Tampa, FL, for defendants.

Teddy Wilson, pro se.

**ORDER**

G. KENDALL SHARP, District Judge.

Plaintiffs bring this action alleging that defendants violated their constitutional rights to equal protection under the Fifth Amendment and freedom from cruel and unusual punishment under the Eighth Amendment. Defendants Goodwill Industries–Suncoast, Inc. (Goodwill) and William Procknow (Procknow) filed motions to dismiss based on qualified immunity and failure to state a claim on which relief may be granted. Plaintiffs responded in opposition to the motions. The court referred the motions to a magistrate judge for a report and recommendation. Based on a review of the case file and relevant law, the court adopts the magistrate judge's recommendation to deny Procknow's motion to dismiss and to grant Goodwill's motion to dismiss without prejudice. However, the court modifies the magistrate judge's

report and recommendation to hold that Goodwill can raise qualified immunity as a defense to plaintiffs' action.

## I. Facts

According to the allegations in the complaint, the United States contracted with Goodwill to operate the Orange County Community Treatment Center. Goodwill hired Procknow to manage the day-to-day operation of the center. Plaintiffs were inmates at the center. A Goodwill employee, Teddy Wilson (Wilson), allegedly made sexual advances toward plaintiffs and other women, who were inmates at the center. In April, June and July 1993, Procknow, as Wilson's supervisor, received complaints about Wilson's inappropriate conduct. In August 1993, the United States and Goodwill investigated the allegations against Wilson and as a result of the investigation, terminated Wilson's employment.

In his report and recommendation, the magistrate judge found that although Procknow, as an individual defendant, could raise a qualified immunity defense, Procknow failed to show that he was entitled to qualified immunity. As to Goodwill, the magistrate judge found that qualified immunity was not available to Goodwill, as a private corporation. Nevertheless, the magistrate judge recommended granting Goodwill's motion to dismiss without prejudice based on his finding that plaintiffs failed to allege that their constitutional injuries resulted from Goodwill's official policy. In response to the report and recommendation, Goodwill filed an objection, in which it claims that private corporations can raise qualified immunity as a defense.

## II. Legal Discussion

### A. *Eleventh Circuit Precedent.*

The only issue before the court is whether Goodwill, as a private corporation, can raise qualified immunity as a defense to plaintiffs' action. Although plaintiffs sue defendants for their actions under the color of federal law, the court applies § 1983 concepts. *See Morast v. Lance,* 807 F.2d 926, 931 (11th Cir.1987) (applying § 1983 concepts of state action to a *Bivens* claim against federal actors). In its objection, Goodwill cites an Eleventh Circuit case, *Howell v. Burden,* 12 F.3d 190 (11th Cir.1994), for the proposition that qualified immunity applies to private corporations. *See Howell,* 12 F.3d at 191 (citing as background information an earlier appellate decision, *Howell v. Evans,* 922 F.2d 712 (11th Cir.), *vacated as moot,* 931 F.2d 711 (11th Cir.1991), *reinstated by unpublished order as noted in* 12 F.3d 190 (11th Cir.1994)). According to the more recent appellate decision, the Eleventh Circuit held in its earlier appellate decision that qualified immunity protected the attending physicians and the private corporation. *Id.* A review of the earlier appellate opinion reveals, however, that the Eleventh Circuit never reached the issue whether the private corporation was entitled to a qualified immunity defense because the court found insufficient evidence of a policy or custom to hold the private corporation liable under § 1983. *Howell,* 922 F.2d at 725, 726 n. 15. Therefore, the court finds that the Eleventh Circuit has not affirmatively ruled on the issue whether a private corporation can raise a qualified immunity defense.

In his report and recommendation, the magistrate judge rejected Goodwill's claim to qualified immunity based on *Harvey v. Harvey,* 949 F.2d 1127 (11th Cir.1992). In *Harvey,* the Eleventh Circuit analogized a private hospital, which the state had designated as an emergency receiving facility for involuntarily committed mental health patients, to a municipal corporation. *Harvey,* 949 F.2d at 1129–30. The *Harvey* court concluded that because municipal corporations are not subject to vicarious liability in § 1983 actions, the private hospital could not be held vicariously liable. *Id.* Based on the analogy in *Harvey,* the magistrate judge concluded that because qualified immunity is not available to a municipal corporation, qualified immunity is not available to Goodwill.

Although the *Harvey* court analogized a private corporation to a municipal corporation, the *Harvey* court intimated that a private corporation may have defenses in addition to the municipal corporation's defenses. *Id.* (citing *Jones v. Preuit & Mauldin,* 851 F.2d 1321 (11th Cir.1988) (en banc), *vacated on other grounds,* 489 U.S. 1002, 109 S.Ct.

1105, 103 L.Ed.2d 170 (1989), for the proposition that private defendants in § 1983 actions should have at a *minimum* the same defenses available to public defendants (emphasis added)). However, the *Harvey* court did not indicate whether qualified immunity was an additional defense that a private corporation could raise.

### B.  *Policy Considerations.*

The Supreme Court has applied qualified immunity to public officials sued in their individual capacity to limit the social costs of distracting officials from their governmental duties, inhibiting discretionary action, and deterring able people from public service. *See Harlow v. Fitzgerald,* 457 U.S. 800, 814–18, 102 S.Ct. 2727, 2736–38, 73 L.Ed.2d 396 (1982). The Supreme Court has refused, however, to extend qualified immunity to private defendants acting for their personal interests or to municipal corporations. *See Wyatt v. Cole,* —— U.S. ——, ——, 112 S.Ct. 1827, 1834, 118 L.Ed.2d 504 (1992) (private defendant); *Owen v. City of Independence,* 445 U.S. 622, 657, 100 S.Ct. 1398, 1418, 63 L.Ed.2d 673 (1980) (municipal corporation).

In *Wyatt,* the Supreme Court concluded that the special concerns regarding government officials' personal liability are not applicable to private defendants because private defendants hold no office requiring the exercise of discretion, private defendants are not principally concerned with enhancing the public good, and a trial would not interfere with public service. *Wyatt,* —— U.S. at ——–——, 112 S.Ct. at 1832–33. In *Owen,* the Supreme Court found that municipal liability is distinct from public officials' personal liability based, in part, on the following policy considerations: (1) the public at large enjoys the benefits of government activities and the public at large is ultimately responsible for its administration; therefore, it is more fair to allocate any resulting financial loss to the inevitable cost of government borne by all the taxpayers; and (2) although personal liability may inhibit individuals from seeking public office, consideration of the municipality's liability for constitutional violations is a proper concern of elected or appointed officials. *See Owen,* 445 U.S. at 654–56, 100

S.Ct. at 1417–18; *Burrell v. Board of Trustees of Ga. Military College,* 970 F.2d 785, 789 n. 10 (11th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1814, 123 L.Ed.2d 445 (1993).

Based on a review of the Supreme Court's policy considerations, the court finds that a private corporation under contract with the government to perform a public service is entitled to raise qualified immunity as a defense. Although a private contractor may be principally concerned with its private interests, a private contractor is distinct from the private defendants in *Wyatt* because a private contractor may be required to exercise discretion under the government contract and to perform a public service. Furthermore, the court finds that the policy considerations that weigh against applying qualified immunity to municipal corporations do not pertain to private corporations. Specifically, the court finds that unlike a municipal corporation, a private corporation is not expected to bear the cost of government and that the risk of liability would deter private corporations from contracting with the government. Accordingly, the court concludes that Goodwill's status as a private corporation under contract with the government to perform a public service is more analogous to a public official sued in his individual capacity, and thus, Goodwill is entitled to raise qualified immunity as a defense. *See Sherman v. Four County Counseling Ctr.,* 987 F.2d 397, 405–06 (7th Cir.1993) (noting that the private corporation was fulfilling a public duty and applying qualified immunity to a private corporation to avoid discouraging public service); *DeVargas v. Mason & Hanger–Silas Mason Co.,* 844 F.2d 714, 717 (10th Cir.1988) (applying qualified immunity to private contractors because damage suits distract contractors from their public duties and deter private contractors from entering into contracts with government bodies); *see also Burrell,* 970 F.2d at 795–96 (recognizing that *Wyatt* may allow application of qualified immunity to private individual defendants in non-attachment cases if the defendants are alleged to have simply fulfilled their duties under a government contract); *Howell,* 922 F.2d at 720–22 (applying qualified immunity to physicians who contracted with a private corporation to provide public services).

## III. Conclusion

Accordingly, the court **MODIFIES** the magistrate judge's report and recommendation to hold that Goodwill is entitled to raise qualified immunity as a defense. However, the court does not reach the issue whether qualified immunity protects Goodwill because the court **GRANTS** Goodwill's motion to dismiss without prejudice based on the magistrate judge's finding that plaintiffs fail to allege that their constitutional injuries resulted from Goodwill's custom or policy. (Docs. 15, 29.) Therefore, the court allows plaintiffs twenty (20) days from the date of this order to amend their complaint to properly state a claim against Goodwill. As to Procknow, the court **ADOPTS** the magistrate judge's recommendation and **DENIES** Procknow's motion to dismiss. (Docs. 14, 29.)

It is **SO ORDERED.**